**CLEGG, P.C.**
Perry S. Clegg (USB No. 7831)
   *pclegg@cleggiplaw.com; court@cleggiplaw.com*
299 South Main, Suite 1300
Salt Lake City, UT 84111
Telephone: (801) 532-3040
Facsimile: (801) 532-3042

**ARNOLD & PORTER LLP**
Matthew M. Wolf (*pro hac vice* application forthcoming)
   *matthew.wolf@aporter.com*
Ali R. Sharifahmadian (*pro hac vice* application forthcoming)
   *ali.sharifahmadian@aporter.com*
555 12th Street, N.W.
Washington, D.C. 20004
Telephone:  202.942.5000
Facsimile:  202.942.5999

**ARNOLD & PORTER LLP**
Maxwell C. Preston (*pro hac vice* application forthcoming)
   *maxwell.preston@aporter.com*
399 Park Avenue
New York, NY 10022-4690
Telephone:  212.715.1000
Facsimile:  212.715.1399

*Attorneys for Defendant Prisma Graphic Corporation*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SKIPPRINT, LLC, a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>PRISMA GRAPHIC CORPORATION, an Arizona corporation<br><br>    Defendant and Counterclaim-Plaintiff. | **PRISMA GRAPHIC'S MOTION PURSUANT TO 28 U.S.C. § 1404(a) TO TRANSFER VENUE TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION**<br><br>JURY DEMANDED<br><br>Civil No. 2:13-CV-0700-TC<br><br>Judge Tena Campbell |

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF RELIEF SOUGHT AND GROUNDS FOR MOTION ...................................1

INTRODUCTION ...........................................................................................................................1

STATEMENT OF FACTS .............................................................................................................1

ARGUMENT..................................................................................................................................4

I.     LEGAL STANDARD FOR MOTION TO TRANSFER ....................................................4

II.    THE RELEVANT FACTORS WEIGH IN FAVOR OF TRANSFER TO ARIZONA........................................................................................................................5

      A.     SkipPrint's Choice of Forum Is Entitled to Little Deference .................................5

      B.     Witnesses and Evidence Are Located in or Near Phoenix, Arizona.......................6

      C.     The Cost of Making the Necessary Proof Weighs in Favor of Transfer .................8

      D.     The District of Arizona Is Less Congested than this Court .....................................8

      E.     The Remaining Factors Are Irrelevant or Neutral ...................................................9

CONCLUSION...............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cargill, Inc. v. Prudential Ins. Co.*,
   920 F. Supp. 144 (D. Colo. 1996)................................................................................8

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
   928 F.2d 1509 (10th Cir. 1991) ...................................................................................5

*David L. v. McGraw-Hill Cos., Inc. Group Health Plan*,
   2014 WL 1653197 (D. Utah Apr. 23, 2014) (Sam, J.) ..........................................6, 10

*Employers Mut. Cas. Co. v. Batile Roofs, Inc.*,
   618 F.3d 1153 (10th Cir. 2010) ...................................................................5, 6, 7, 9

*GeoTag, Inc. v. Starbucks Corp.*,
   2013 WL 890484 (E.D. Tex. Jan. 14, 2013)..............................................................10

*GSL Holdings Ltd v. Elec. Educ. Devices*,
   Slip Op., Case No. 2:11-cv-00336-BSJ, at *6-7 (D. Utah Feb. 23, 2012) ..................9

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)....................................................................................7

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009)....................................................................................7

*Island View Residential Treatment Ctr. v. Kaiser Permanente*,
   2009 WL 2614682 (D. Utah Aug. 21, 2009) ........................................................6, 10

*LT Tech, LLC v. FrontRange Solutions USA Inc.*,
   2013 WL 6181983 (N.D. Tex. Nov. 26, 2013)..........................................................10

*Storage Tech. Corp. v. Cisco Sys.*,
   329 F.3d 823 (Fed. Cir. 2003)......................................................................................5

**STATUTES**

28 U.S.C. § 1391(b)-(c) ........................................................................................................5

28 U.S.C. § 1404(a) ............................................................................................1, 5, 6, 10

35 U.S.C. § 299....................................................................................................................10

**OTHER AUTHORITIES**

17 James Wm. Moore et al., *Moore's Federal Practice*, § 111.13[1][e][i] (3d ed. 2013) ..............6

Local Patent Rules 2.1 ..........................................................................................................2

**STATEMENT OF RELIEF SOUGHT AND GROUNDS FOR MOTION**

Pursuant to 28 U.S.C. § 1404(a), by and through undersigned counsel of record, Defendant Prisma Graphic Corporation ("Prisma Graphic") moves the Court to transfer this patent infringement action to the United States District Court for the District of Arizona, Phoenix Division for the convenience of the parties, witnesses, and in the interests of justice.  For reasons set forth below, this motion should be granted because: (1) there is little to no connection between the facts of this case and the State of Utah; and (2) many of the relevant witnesses and sources of documentary evidence are more conveniently accessed from Arizona, including both party and non-party sources of evidence.

**INTRODUCTION**

Plaintiff SkipPrint, LLC ("SkipPrint") commenced this patent infringement action in a forum with no relationship to the parties, witnesses, asserted patents, or alleged infringement. Both parties are foreign corporations with principal places of business that are closer to the United States District Court for the District of Arizona, Phoenix Division than this Court. Prisma Graphic has no offices, employees, agents, or records in Utah — all of Prisma Graphic's sources of relevant evidence are located in Arizona.  This case's only apparent connection to Utah is that one of the two law firms representing SkipPrint is located in Utah; the other is located in Newport Beach, California.  But such an incidental connection is insufficient to justify the burden of litigating this action in an inconvenient forum.  Accordingly, Prisma Graphic respectfully requests that the Court transfer this action to the United States District Court for the District of Arizona, Phoenix Division.

**STATEMENT OF FACTS**

SkipPrint commenced this suit on July 26, 2013, accusing Prisma Graphic of infringing five patents to which SkipPrint allegedly has an exclusive license: U.S. Patent Nos. 6,076,080;

5,666,493; 7,050,995; 7,058,596; and 5,963,641 (together, the "Asserted Patents").  *See* Dkt. # 1.  Before Prisma Graphic filed an Answer, SkipPrint filed a First Amended Complaint ("Am. Compl.").  *See* Am. Compl. (Dkt. # 10).  As a result of ongoing settlement discussions, SkipPrint did not serve the First Amended Complaint until February 19, 2014.  *See* Dkt. # 18.  The Court thereafter granted Prisma Graphic until May 5, 2014 to respond.  *See* Dkt. # 19.

Plaintiff SkipPrint is a Delaware corporation having a principal place of business in Los Angeles, California.  Am. Compl. ¶ 1.  Other than the fact that one of the two law firms representing SkipPrint in this action is located in Utah, SkipPrint does not appear to have any connection to Utah.

Defendant Prisma Graphic is an Arizona corporation having a principal place of business in Phoenix, Arizona.  Declaration of Robert Anderson ("Anderson Decl.") ¶ 3.  All of Prisma Graphic's offices, employees, documents, and records relevant to the allegations in SkipPrint's First Amended Complaint are located in Arizona.  *Id.* ¶ 8.  Prisma Graphic has no offices, facilities, employees, representatives, agents, operations, documents, or records in Utah.  *Id.* ¶ 9.

In its Accused Instrumentality Disclosures pursuant to LPR 2.1, SkipPrint has identified the "EFI Pace system," the "DokShop system," and the "Print Power system" as allegedly infringing the Asserted Patents. *See* Exhibit ("Ex.") P,[1]   All of these so-called systems are located in and operated from Arizona.  Prisma Graphic understands SkipPrint's identification of the "DokShop system" to refer to the website owned and operated by Prisma Graphic at www.dokshop.com, and SkipPrint's identification of the "Print Power system" to refer to the website owned and operated by Prisma Graphic at www.printpower.com.  *Id.* ¶ 6.  The servers on which the dokshop.com and printpower.com websites run are located in Phoenix, Arizona.

---

[1]   All exhibits are exhibits to the Declaration of Perry S. Clegg ("Clegg Decl.").

Declaration of Lisa Hunter ("Hunter Decl.") ¶ 7. The Prisma Graphic employees responsible for operating the dokshop.com and printpower.com websites work in Prisma Graphic's office in Phoenix, Arizona. *Id.* ¶ 8. Documents related to the operation of the dokshop.com and printpower.com websites are located at Prisma Graphic's office in Phoenix, Arizona. *Id.* ¶ 9.

Prisma Graphic understands SkipPrint's identification of "EFI Pace system" to refer to Prisma Graphic's use of the commercially available management information system software provided by Electronics for Imaging, Inc. ("EFI") under the brand name Pace. Anderson Decl. ¶ 6. To the extent that Prisma Graphic uses Pace in its operations, it does so on computers and servers located at its office and manufacturing facilities in the Phoenix area. Hunter Decl. ¶ 11. Documents related to Prisma Graphic's use of Pace in its operations are located at its offices in Phoenix, Arizona. *Id.* ¶ 12.

The Prisma Graphic executives and technical and marketing personnel that are likely to have discoverable information relevant to SkipPrint's allegations of patent infringement are all located in and around Phoenix, Arizona. At this early stage of the litigation, key fact witnesses for Prisma Graphic are likely to include:

- Robert Anderson, founder and CEO. Mr. Anderson lives in the Phoenix metropolitan area and is expected to have information regarding Prisma Graphic's operations. Mr. Anderson also can testify regarding the fact that Prisma Graphic has not willfully copied the patents asserted by SkipPrint and Prisma Graphic's lack of intent to infringe or to cause its customer to infringe the asserted patents. Mr. Anderson is also knowledgeable regarding the market for the accused instrumentalities, which bears on the issue of damages. *See* Anderson Decl.

- Lisa Hunter, Director of Technology. Ms. Hunter lives in the Phoenix metropolitan area and oversees the teams that work on Prisma Graphic's hardware and software development. She is expected to testify regarding the operation of the dokshop.com and printpower.com websites, as well as the manner in which Prisma Graphic uses Pace within its operations. *See* Hunter Decl.

- Simon Beltran, President. Mr. Beltran lives in the Phoenix metropolitan area and is expected to testify regarding marketing efforts and sales related to the

  dokshop.com and printpower.com websites.  *See* Declaration of Simon Beltran ("Beltran Decl.").

- Victor Martinez, Chief Financial Officer.  Mr. Martinez lives in the Phoenix metropolitan area and oversees the administrative and finance/accounting functions for Prisma Graphic.  He is expected to testify regarding sales and costs related to the dokshop.com and printpower.com web sites.  *See* Declaration of Victor Martinez ("Martinez Decl.").

While all of Prisma Graphic's operations, documents and facts witnesses are located in Arizona, none of SkipPrint's operations, documents and fact witnesses appear to be in any way related to, or located in, Utah.  As stated above, SkipPrint's office is in Los Angeles, California.  Am. Compl. ¶ 1.  To Prisma Graphic's knowledge, SkipPrint has no offices, operations or employees located in the state of Utah.  Anderson Decl. ¶ 10.

Notably, SkipPrint is only an exclusive licensee of the Asserted Patents.  Am. Compl. ¶¶ 7, 12, 15.  The five patents asserted in this litigation are owned by three different companies; none of which are located in Utah.  One of the owners — Markzware — is based in Santa Ana, California, *see* Ex. F, which is approximately 41 miles from SkipPrint's headquarters in Los Angeles, California.  Clegg Decl. ¶ 9; Ex. G.  The other two owners have their headquarters in Dayton, Ohio (Standard Register Co.) and Tampa, Florida (Lykes Bros., Inc.).  *See* Exs. H & I.  The five patents name twenty-eight individuals as purported inventors among them.  *See* Exs. A-E.  As indicated on the cover page of the five patents and upon information and belief, none of these individuals are located in Utah.  *See id.*

## ARGUMENT

### I. LEGAL STANDARD FOR MOTION TO TRANSFER

Under 28 U.S.C. § 1404(a), a district court may transfer a civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  As there can be no dispute that this case might have been

brought in Arizona where Defendant Prisma Graphic is incorporated and has its principal place of business, *see* 28 U.S.C. § 1391(b)-(c), the Court's focus should turn to the "individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).[2]  Factors relevant to a court's consideration are:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.*  Prisma Graphic, as the proponent of transfer, bears the burden of establishing the inconvenience of the current forum.  *Id.* at 1515.

## II.    THE RELEVANT FACTORS WEIGH IN FAVOR OF TRANSFER TO ARIZONA

### A.    SkipPrint's Choice of Forum Is Entitled to Little Deference

Although a plaintiff's choice of forum is not typically disturbed, in the Tenth Circuit it "receives less deference . . . if the plaintiff does not reside in the district." *Employers Mut. Cas. Co. v. Batile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010).  Moreover, courts in the Tenth Circuit "accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* (internal quotes omitted); *see also David L. v. McGraw-Hill Cos., Inc. Group Health Plan*, 2014 WL 1653197, at *2 (D. Utah Apr. 23, 2014) (Sam, J.) (transferring action and holding that the

---

[2]   In reviewing a district court's decision on a motion to transfer, the Federal Circuit applies the regional circuit's law.  *See Storage Tech. Corp. v. Cisco Sys.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

plaintiff's choice of venue "has less force than usual" where the chosen venue "has little connection with the operative facts of a lawsuit"); *Island View Residential Treatment Ctr. v. Kaiser Permanente*, 2009 WL 2614682, at *3 (D. Utah Aug. 21, 2009) (same).

As discussed above, neither SkipPrint nor any of the owners of the Asserted Patents have any connection to the state of Utah. *See supra* at 2, 4. This non-resident status alone "militates in favor of a transfer to the district where the defendant resides." 17 James Wm. Moore et al., *Moore's Federal Practice*, § 111.13[1][e][i] (3d ed. 2013); *see also Employers Mutual*, 618 F.3d at 1168.

Nor do the facts giving rise to this lawsuit have any relation to Utah. SkipPrint's allegations are directed to Prisma Graphic's operation of two websites and its alleged use of the commercially available Pace software. The accused websites and software all run on computers and servers that are located in Arizona. Thus, to the extent that the operation of these websites and software allegedly constitute infringement — which Prima Graphic vigorously contests — that alleged infringement would occur in Arizona, not Utah.

In all, this factor weighs heavily in favor of transfer.

> **B.** **Witnesses and Evidence Are Located in or Near Phoenix, Arizona**

The Tenth Circuit has recognized that "[t]he convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Employers Mutual*, 618 F.3d at 1169. Moreover, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Here, transferring this case from Utah to Arizona would be significantly more convenient from the perspective of witnesses and other sources of evidence, which is far from "[m]erely shift[ing] the inconvenience from one side to the other." *Employers Mutual*, 618 F.3d at 1167.

6

As explained above, Prisma Graphic's likely witnesses and documents related to the accused instrumentalities are located in Phoenix. The United States District Court for the District of Arizona, Phoenix Division is less than a ten mile drive from Prisma Graphic's offices. Clegg Decl. ¶ 12; Ex. J. On the other hand, keeping the present case in Utah would result in unnecessary inconvenience on Prisma Graphic's witnesses by requiring them to travel by air and stay in hotels overnight. This extra travel "increases the time which these fact witnesses must be away from their regular employment." *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009).

Not only would moving the case to Arizona not unduly burden SkipPrint, it would in fact also reduce SkipPrint's travel burdens. The United States District Court for the District of Arizona, Phoenix Division is closer to SkipPrint's principal place of business in Los Angeles, California than is this Court. *See* Clegg Decl. ¶¶ 13-14; Exs. K-L. SkipPrint's witnesses and documents are important sources of evidence regarding the practice of the Asserted Patents and SkipPrint's licensing relationships with the Asserted Patents' owners, among other topics.

Other sources of evidence are also closer to Phoenix than Salt Lake City. For example, on information and belief, the purported inventors of U.S. Patent No. 5,963,641 are resident in Irvine and Santa Ana, California, which are part of the greater Los Angeles metropolitan area. *See* Ex. E. The owner of the '641 patent — Markzware — is a California corporation with its offices in Santa Ana, California. *See* Exs. F, O. These witnesses (and documents in their possession) are important sources of evidence regarding the asserted '641 patent; its conception, practice, and prosecution; as well as the licensing relationship with SkipPrint. As owners and inventors of the '641 patent, these individuals are reasonably expected to be witnesses at trial.

7

Travel to Phoenix from Los Angeles is less burdensome and time consuming than travel to Salt Lake City.[3]

In short, transferring this case to Arizona would be significantly more convenient for a large portion of the relevant witnesses, and would be no less convenient for the remaining known likely witnesses.  Thus, this factors weighs in favor of transfer.

### C. The Cost of Making the Necessary Proof Weighs in Favor of Transfer

The cost associated with discovery and trial is an important factor to consider in the transfer analysis.  *See Cargill, Inc. v. Prudential Ins. Co.*, 920 F. Supp. 144, 147-48 (D. Colo. 1996).  As none of the witnesses and sources of proof regarding SkipPrint's claims against Prisma Graphic are located in Utah, the cost of litigating the case in this District is expected to be much greater than if the case were transferred to the District of Arizona, Phoenix Division.  Prisma Graphic's witnesses and documents are located in Arizona, thus Prisma Graphic could avoid the cost associated with air travel, lodging and extended time away from work by its employees.  SkipPrint's witnesses and documents are located in Los Angeles, which is much closer to Phoenix than Salt Lake City.

### D. The District of Arizona Is Less Congested than this Court

The Tenth Circuit has identified four statistics as "most relevant" when considering the administrative difficulties of court congestion: (1) median time from filing to disposition; (2) median time from filing to trial; (3) pending cases per judge; and (4) average weighted filings per judge.

---

[3] The owners of the remaining Asserted Patents are located in Florida or Ohio.  *See* Exs. A-D, H-I; Clegg Decl. ¶¶ 10-11.  Upon information and belief, the inventors of the remaining Asserted Patents are also located in Florida or Ohio.  *See* Exs. A-D.  Travel to Arizona from those locations is no less burdensome than travel to Utah.

Two of the "most relevant statistics" when considering the administrative difficulties of court congestion strongly favor transfer. *See Employers Mutual*, 618 F.3d at 1169. The median time from filing to disposition of civil cases in Arizona is only 7.6 months, whereas the median time in Utah is 12.3 months.[4] Similarly, the median time from filing to trial in Arizona is only 30.5 months, where the median time in Utah is 35.7 months. Ex. M at 9-10.[5] The remaining "most relevant statistics" are neutral or somewhat favor retention of venue. *See id.*

Overall, this factor favors transfer.

### E. The Remaining Factors Are Irrelevant or Neutral

The remaining factors to be considered with regards to a motion to transfer are either irrelevant or neutral. As this is a federal lawsuit brought under the federal patent laws, there are no issues related to state or local law that may influence the analysis. *See GSL Holdings Ltd v. Elec. Educ. Devices*, Slip Op., Case No. 2:11-cv-00336-BSJ, at *6-7 (D. Utah Feb. 23, 2012) (attached as Ex. N). There is no question regarding the enforceability of a judgment obtained here (if the Court finds jurisdiction and proper venue) or in the District of Arizona. Further, there are no known obstacles beyond significant inconvenience, as addressed herein, to obtaining a fair trial in either district. Also, as this case involves matters of federal patent law, neither local law nor conflicts of law questions are likely to arise.

Nor are there any other practical considerations to take into account beyond the significant burden that it would place on Prisma Graphic to litigate this action hundreds of miles away from its place of business and from many of the sources of evidence. *See supra* at 6-8. To

---

[4] Federal Court Management Statistics as of December 2013 at 9-10, *available at* (http://www.uscourts.gov/uscourts/Statistics/FederalCourtManagementStatistics/2013/comparison-districts-within-circuit-december-2013.pdf (relevant pages attached as Ex. M).

[5] The pending cases per judge in Utah and Arizona are very close, while the average weighted filings per judge is somewhat more favorable in Utah. *Id.*

the extent that SkipPrint may argue that this Court should retain the case because SkipPrint's counsel is located in Utah, "the convenience of counsel is irrelevant and should not be considered in evaluating whether transfer is proper under § 1404(a)." *David L.*, 2014 WL 1653197, at *7; *Island View*, 2009 WL 2614682, at *3.  Similarly, to the extent SkipPrint argues against transfer because it has filed other cases involving the same patents in this forum, this Court should refuse to "permit the existence of separately filed cases to sway its transfer analysis." *GeoTag, Inc. v. Starbucks Corp.*, 2013 WL 890484, at *6 (E.D. Tex. Jan. 14, 2013). "Allowing a plaintiff to manufacture venue based on this alone would undermine the principals [*sic*] underpinning transfer law and the recently enacted America Invents Act," *id.*, which contemplates separate treatment of patent cases against unrelated defendants, *see* 35 U.S.C. § 299.  This rule is particularly true "where such cases were in their infancy and plaintiff ha[s] 'not pointed to any common issues that would not be present in all infringement cases' generally, such as claim construction."  *LT Tech, LLC v. FrontRange Solutions USA Inc.*, 2013 WL 6181983, at *6 (N.D. Tex. Nov. 26, 2013) (citing *GeoTag*, 2013 WL 890484, at *6).

## CONCLUSION

For the foregoing reasons, Prisma Graphic respectfully requests that this Court enter an order transferring this case to the United States District Court for the District of Arizona, Phoenix Division.

Dated:  May 23, 2014	Respectfully submitted,

*/s/ Perry S. Clegg*
**CLEGG, P.C.**
Perry S. Clegg (USB No. 7831)
  *pclegg@cleggiplaw.com;*
  *court@cleggiplaw.com*
299 South Main, Suite 1300
Salt Lake City, UT 84111
Telephone: (801) 532-3040
Facsimile: (801) 532-3042

*Attorney for Defendant Prisma Graphic Corporation*

## CERTIFICATE OF SERVICE

I certify that the foregoing Prisma Graphic's Motion Pursuant to 28 U.S.C. § 1404(a) to Transfer Venue to United States District Court for the District of Arizona, Phoenix Division and the accompanying declarations and exhibits were served on all parties appearing in this matter through the Court's CM/ECF electronic notification system.

Dated: May 23, 2014

*/s/ Perry S. Clegg*