**CLEGG, P.C.**
Perry S. Clegg (USB No. 7831)
  *pclegg@cleggiplaw.com; court@cleggiplaw.com*
299 South Main, Suite 1300
Salt Lake City, UT 84111
Telephone: (801) 532-3040
Facsimile: (801) 532-3042

**ARNOLD & PORTER LLP**
Matthew M. Wolf (*pro hac vice* application forthcoming)
  *matthew.wolf@aporter.com*
Ali R. Sharifahmadian (*pro hac vice* application forthcoming)
  *ali.sharifahmadian@aporter.com*
555 12th Street, N.W.
Washington, D.C. 20004
Telephone:  202.942.5000
Facsimile:  202.942.5999

**ARNOLD & PORTER LLP**
Maxwell C. Preston (*pro hac vice* application forthcoming)
  *maxwell.preston@aporter.com*
399 Park Avenue
New York, NY 10022-4690
Telephone:  212.715.1000
Facsimile:  212.715.1399

*Attorneys for Defendant Prisma Graphic Corporation*

### IN THE UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SKIPPRINT, LLC, a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>PRISMA GRAPHIC CORPORATION, an Arizona corporation,<br><br>    Defendant and Counterclaim-Plaintiff. | **PRISMA GRAPHIC'S REPLY IN SUPPORT OF ITS MOTION PURSUANT TO 28 U.S.C. § 1404(a) TO TRANSFER VENUE TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION**<br><br>JURY DEMANDED<br><br>Civil No. 2:13-CV-0700-TC<br><br>Judge Tena Campbell |

## **TABLE OF CONTENTS**
Page

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................2

I.  SKIPPRINT EFFECTIVELY CONCEDES THAT MOST FACTORS WEIGH IN FAVOR OF TRANSFER TO ARIZONA AND OTHERS DO NOT WEIGH AGAINST TRANSFER..........................................................................................................2

II. SKIPPRINT'S JUDICIAL ECONOMY ARGUMENT DOES NOT JUSTIFY DENYING THE MOTION TO TRANSFER ......................................................................3

CONCLUSION ................................................................................................................................6

i

## **TABLE OF AUTHORITIES**

**Cases:**                                                                                                                    **Page(s):**

*Emp'rs Mut. Cas. Co. v. Batile Roofs, Inc.*,
    618 F.3d 1153 (10th Cir. 2010) ...................................................................................1, 2

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)............................................................................................2

*GeoTag, Inc. v. Starbucks Corp.*,
    2013 WL 890484 (E.D. Tex. Jan. 14, 2013)........................................................................5

*LT Tech, LLC v. FrontRange Solutions USA Inc.*,
    2013 WL6181983, at *6 (N.D. Tex. Nov. 26, 2013).........................................................4, 5

*In re Morgan Stanley*,
    417 Fed.Appx. 947 (Fed. Cir. 2011)....................................................................................4

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
    119 F.3d 1559 (Fed. Cir. 1997)............................................................................................4

*Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*,
    896 F. Supp. 2d 1049 (D. Kan. 2012)..................................................................................5

*Storage Tech. Corp. v. Cisco Sys., Inc.*,
    329 F.3d 823 (Fed. Cir. 2003)..............................................................................................4

*In re Verizon Bus. Network Servs. Inc.*,
    635 F.3d 559 (Fed. Cir. 2011)..............................................................................................5

*In re Volkswagen of Am., Inc.*,
    566 F.3d 1349 (Fed. Cir. 2009)............................................................................................4

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010)............................................................................................5

**Statutes**

28 U.S.C. § 1404(a) ...................................................................................................................2, 4

35 U.S.C. § 299...........................................................................................................................1, 4

**INTRODUCTION**

Plaintiff SkipPrint concedes that it commenced this action in the District of Utah despite the fact that "neither party appears to have potential witnesses or evidence located in this District and that neither party maintains offices in Utah." Opp. at 3. Rather, it is undisputed that all of Defendant Prisma Graphic Corp.'s ("Prisma Graphic's") witnesses are in Arizona. Anderson Decl. ¶ 8[1]; Opp. at 4. SkipPrint even admits that Phoenix is as or more convenient than Salt Lake City for many of its own witnesses (and their corresponding evidence). Opp. at 4. In such circumstances, as SkipPrint acknowledges, a plaintiff's choice of forum receives "little deference." *Emp'rs Mut. Cas. Co. v. Batile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010); *see* Opp. at 3.

As a last resort, SkipPrint asserts that judicial economy requires that the Court deny this motion, because SkipPrint has also commenced patent infringement actions in this District against three unrelated defendants that involve (among other patents) the patents asserted in this case.[2] *See* Opp. at 5-7. Accordingly, SkipPrint suggests that the Court "consolidat[e] the pending actions." Opp. at 6. But Congress has made clear that cases involving unrelated defendants are not to be consolidated simply because the same patents may be at issue. 35 U.S.C. § 299.

Accordingly, Prisma Graphic respectfully requests that the Court transfer this action to the United States District Court for the District of Arizona, Phoenix Division.

---

[1]   All declarations and exhibits referenced herein were filed contemporaneously with Prisma Graphic's Motion.

[2]   At least one of the unrelated defendants, Quad/Graphics, has also indicated its intent to file a motion to transfer. *See SkipPrint v. Quad/Graphics, Inc.*, Case No. 2:13-cv-00397-DN (D. Utah), Dkt. No. 22 at 2 n.1.

**ARGUMENT**

I.  **SKIPPRINT EFFECTIVELY CONCEDES THAT MOST FACTORS WEIGH IN FAVOR OF TRANSFER TO ARIZONA AND OTHERS DO NOT WEIGH AGAINST TRANSFER**

SkipPrint does not contest that transferring this case to the District of Arizona, would be more convenient for the vast majority of witnesses and their corresponding evidence. Indeed, SkipPrint admits that there are no known witnesses or evidence in this District. Opp. at 3. And the Tenth Circuit has made clear that "[t]he convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emp'rs Mut.*, 618 F.3d at 1169.

There is no dispute that the party sources of evidence favor transfer. It is uncontested that Prisma Graphic's witnesses and evidence are "squarely located within the District of Arizona." *See* Opp. at 4; *see* Mot. at 3-4, 7. Defendants in patent infringement cases possess most of the relevant evidence, which places particular importance on their place of business. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Even so, SkipPrint concedes that it is also quicker to travel from SkipPrint's principal place of business to Phoenix than to this District. Opp. at 4; *see also* Mot. at 7.

The non-party sources of evidence also weigh in favor of transfer. SkipPrint does not dispute that over twenty non-party witnesses and their evidence can reach Phoenix more easily than (or as easily as) they can reach this District. These witnesses include, for example, the two named inventors of U.S. Patent No. 5,963,641, who are located near SkipPrint's principal place of business in Los Angeles (*see* Mot. at 4); the nineteen named inventors of U.S. Patent Nos. 5,666,493; 7,050,995; and 7,050,596, who are located near Tampa, FL (*see* Exs. B-D); the owners and licensors of these four patents, which are located near the named inventors of their respective patents (*see* Exs. B-E); and at least one prosecuting attorney, who is apparently located in Washington, D.C. (*see* Opp. at 4). In fact, SkipPrint's only evidence of alleged

2

inconvenience that could arise from a transfer to the District of Arizona is that seven named inventors of U.S. Patent No. 6,076,080 would have moderately longer flights to Phoenix due to a required layover.  *See* Opp. at 4-5.

In addition to witnesses and evidence, there is no dispute that other factors in the transfer analysis weigh in favor of, or are neutral toward, transfer to the District of Arizona.  SkipPrint does not contest that, for example, the cost of making necessary proof favors transfer.  *See* Mot. at 8.  And SkipPrint does not and cannot argue that court congestion weighs against transfer.  *See id.* at 8-9.

SkipPrint purports to argue that venue is proper in this District because Prisma Graphic "has provided its accused services to Utah residents" via its publicly accessible websites.  *See* Opp. at 4.  But SkipPrint offers no evidence in support of this assertion and even concedes that it has no potential witnesses or evidence in this District.  Opp. at 3.  In fact, the evidence is to the contrary.  With respect to four of the asserted patents SkipPrint only alleges direct infringement by Prisma Graphic (*see* Am. Compl. ¶¶ 28-55), which is located in Arizona and could not have infringed the patents in Utah (Anderson Decl. ¶¶ 3, 8-9).  Even where indirect infringement is alleged, *see* Am. Compl. ¶ 22, Prisma Graphic's servers that host the allegedly infringing websites are located in Arizona.  Hunter Decl. ¶ 7.[3]

## II.  SKIPPRINT'S JUDICIAL ECONOMY ARGUMENT DOES NOT JUSTIFY DENYING THE MOTION TO TRANSFER

SkipPrint's Opposition relies heavily on the purported judicial economy offered by retaining this action and "consolidating" it with the other patent infringement actions that SkipPrint has commenced in this District against unrelated defendants.  *See* Opp. at 5-7.  It

---

[3]  As explained in Prisma Graphic's motion, the remaining factors to be considered with regards to motions to transfer are irrelevant or neutral.  *See* Mot. at 9-10.

further asserts that precedent requires this action. *See id.* But SkipPrint seeks solace in inapplicable and out-of-date law.

Federal Circuit law does not govern motions to transfer. "In reviewing a district court's decision regarding a motion to transfer under 28 U.S.C. § 1404(a), [the Federal Circuit] applies the law of the appropriate regional circuit . . . ." *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003). The Federal Circuit cases on which SkipPrint relies do not apply Tenth Circuit law. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (applying Fifth Circuit law); *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (applying Seventh Circuit law). Even then, more recent Federal Circuit cases applying the same law have "considered and rejected arguments that the preservation of judicial economy should preclude transfer to a far more convenient venue," *In re Morgan Stanley*, 417 Fed.Appx. 947, 949 (Fed. Cir. 2011) (applying Fifth Circuit law).

SkipPrint suggests that judicial economy requires the Court to deny Prisma Graphic's motion to transfer and "consolidat[e] the pending actions" in this District. Opp. at 6. Initially, SkipPrint has not moved to consolidate these cases. Moreover, any motion to consolidate the pending actions would be futile because the America Invents Act prohibits it: "accused infringers may not be joined in one action as defendants . . . or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299. Other than involving some of the same patents, SkipPrint has provided no evidence that this case may properly be consolidated with any other case pending in this District. District courts recognize that permitting a plaintiff to manufacture venue by filing additional law suits would undermine the principles of transfer law and the America Invents Act. *See, e.g., LT Tech,*

4

*LLC v. FrontRange Solutions USA Inc.*, 2013 WL6181983, at *6 (N.D. Tex. Nov. 26, 2013); *GeoTag, Inc. v. Starbucks Corp.*, 2013 WL 890484, at *6 (E.D. Tex. Jan. 14, 2013).

SkipPrint's judicial economy argument is particularly weak where — as is the case here — the pending cases are all "in the infancy stages of litigation" and the overlap of patents-at-issue is only partial. *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) (applying Fifth Circuit law). In this case, the Court has not yet entered a scheduling order and discovery has not yet begun. Similarly the other three SkipPrint cases pending in this district are at the earliest stages and those courts have not expended any resources familiarizing themselves with the patents or the relevant facts.[4] In any event, consideration of judicial economy "does not mean that, once a patent is [being] litigated in a particular venue the patent owner will necessarily have a free pass to maintain all future [or concurrent] litigation involving that patent in that venue." *Cf. Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, 896 F. Supp. 2d 1049, 1067 n.74 (D. Kan. 2012) (quoting *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011)). And "the existence of related cases standing alone" is not determinative of motions to transfer, "as these cases will all be appealed to the Federal Circuit, ensuring against inconsistent adjudications of the same patents." *Cf. Sprint Commc'ns*, 896 F. Supp. 2d at 1067.

---

[4] In *SkipPrint v. Quad/Graphics, Inc.* — which involves three additional patents not at issue here, Opp. at 6 n.2 — the parties have filed an Attorney Planning Meeting Report but the court has not yet entered a scheduling order. *See SkipPrint v. Quad/Graphics, Inc.*, Case No. 2:13-cv-00397-DN (D. Utah), Dkt. No. 22. In *SkipPrint v. Vision Graphics, Inc.*, Case No. 2:13-cv-00678-DB (D. Utah), the parties have filed their respective complaints, counterclaim and answers, but it does not appear that a Rule 26(f) planning meeting has occurred and no scheduling order is entered. In *SkipPrint v. KP Corp.*, Case No. 2:14-cv-00179-PMW (D. Utah), defendant has not yet filed an Answer.

## CONCLUSION

For the reasons discussed herein and in its opening memorandum, Prisma Graphic respectfully requests that this Court enter an order transferring this case to the United States District Court for the District of Arizona, Phoenix Division.

Dated:  June 26, 2014　　　　　　　　　　Respectfully submitted,

 　　　　　　　　　　　　　　　　　　/s/ Perry S. Clegg
 　　　　　　　　　　　　　　　　　　**CLEGG, P.C.**
 　　　　　　　　　　　　　　　　　　Perry S. Clegg (USB No. 7831)
 　　　　　　　　　　　　　　　　　　　*pclegg@cleggiplaw.com;*
 　　　　　　　　　　　　　　　　　　　*court@cleggiplaw.com*
 　　　　　　　　　　　　　　　　　　299 South Main, Suite 1300
 　　　　　　　　　　　　　　　　　　Salt Lake City, UT 84111
 　　　　　　　　　　　　　　　　　　Telephone: (801) 532-3040
 　　　　　　　　　　　　　　　　　　Facsimile: (801) 532-3042

 　　　　　　　　　　　　　　　　　　*Attorney for Defendant Prisma Graphic Corporation*

## CERTIFICATE OF SERVICE

I certify that on this 26th day of June, 2014, the foregoing PRISMA GRAPHIC'S REPLY IN SUPPORT OF ITS MOTION PURSUANT TO 28 U.S.C. § 1404(a) TO TRANSFER VENUE TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION was filed through the Court's CM/ECF system and accordingly served on all parties appearing in this matter through the Court's CM/ECF electronic notification system.

Dated: June 26, 2014

/s/ Perry S. Clegg